UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE TURNER, *individually and on behalf of the Proposed Claim, and victim of the allegations & charges*,<br><br>Plaintiff,<br><br>v.<br><br>ADVANTAGE GPS; PROCON ANALYTICS; PORSCHE CARS USA OF NORTH AMERICA; FEDERAL TRADE COMMISSION; FBI – SAN DIEGO FIELD OFFICE; USSOCOM; FBI; CIA; SECRET SERVICE; IRS; SEC; and DHS,<br><br>Defendants. | Case No.: 23-cv-1773-WQH-SBC<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2) filed by Plaintiff Terrance Turner.

**I.   BACKGROUND**

On September 25, 2023, Plaintiff, proceeding pro se, initiated this action by filing a Complaint against Advantage GPS; Procon Analytics; Porsche Cars of North America;

FBI – San Diego Field Office; USSOCOM; FBI; CIA; Secret Service; IRS; SEC; and DHS.[1] (ECF No. 1.) Plaintiff also filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

## II. INITIAL SCREENING OF THE COMPLAINT

### A. Factual Allegations in the Complaint

Plaintiff alleges that "[t]he victim is identified as 'Edward Fair of Ione, California.'" (ECF No. 1 at 4.) Plaintiff alleges that the victim and assailant are "previous associates of some undetermined, nonmentioned relationship of period of time, entered into a bargaining ecumenable status agreement, and thus transitive-vicarious-loan-structure commencement, where vehicle utility, and vehicle use would be exchanged for a sum, installment payment organization of portended effects schedule of $18,000 USD." *Id*. Plaintiff alleges that payment has not been made as of the filing of this Complaint. *Id*. Plaintiff alleges that "[t]he assailant, and criminal culprit has absconded with the vehicle, a 2021, Porsche Boxster, approximate 'street value' of $100,000 USD." *Id*. The "precise GPS location" of the vehicle is unknown even though "the GPS location of any vehicle is guaranteed." *Id*.

Plaintiff alleges that the vehicle was purchased from Porsche Downtown LA. *Id*. at 5. Plaintiff alleges that the vehicle is being driven around the Sacramento area. *Id*. Plaintiff alleges that "[t]he victim sought assistance from local county law enforcement, who declared to the individual that 'this is a civil matter and not a law enforcement issue', thus this civil complaint is formed." *Id*. Plaintiff alleges that the vehicle is "part of an embezzlement smuggling car theft." *Id*. Plaintiff does not seek recovery of the vehicle and only seeks punitive damages and direct "financial renumeration." *Id*.

---

[1] Plaintiff alleges that jurisdiction is proper in the Northern District of California and the captions of the Complaint and IFP Motion state "Northern District of California." (ECF No. 1 at 1; ECF No. 2 at 1.) However, Plaintiff's filings were mailed to the Southern District of California. (*See* ECF No. 1-3 at 1.) At least one Defendant is located in San Diego, California, based upon the Complaint. (ECF No. 1-2.) Further, it is unclear based upon the allegations in the Complaint where the alleged conduct occurred such that the Court could determine whether the Southern District of California is the proper venue. The Court does not dismiss the Complaint on venue grounds at this time. *See* 28 U.S.C. § 1391(b).

Plaintiff brings the following twelve claims: (1) 15 U.S.C. § 45, unfair methods of competition unlawful; (2) 15 U.S.C. § 13, discrimination in price, services, or facilities; (3) 47 U.S.C. § 325, false, fraudulent, or unauthorized transmissions; (4) Uniform Commercial Code § 2-314, implied warranty merchantability, usage of trade; (5) 47 U.S.C. § 333, willful or malicious interference; (6) 15 U.S.C. § 2308, implied warranties; (7) 47 U.S.C. § 326, censorship; (8) 15 U.S.C. § 2310, remedies in consumer disputes; (9) 15 U.S.C. § 2304, federal minimum standards for warranties; (10) 15 U.S.C. § 2056, consumer product safety standards; (11) 15 U.S.C. § 2068, prohibited acts; and (12) 15 U.S.C. § 50, offenses and penalties. (*See* ECF No. 1 at 6–10.)

**B.   Legal Standard**

A complaint filed pursuant to 28 U.S.C. § 1915(a) must undergo a mandatory and sua sponte screening by the Court. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners" and also apply to non-prisoners). 28 U.S.C. § 1915(e)(2) states that

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The Court of Appeals for the Ninth Circuit has explained that "[i]t is true that 1915(e)(2)'s provision for dismissal for failure to state a claim itself penalizes indigent non-prisoner plaintiffs for the alleged abuses of prisoner plaintiffs." *Lopez v. Smith*, 203 F.3d 1122, 1129 n.10 (9th Cir. 2000). However, the Court of Appeals elaborated that "Congress inserted 1915(e)(2) into the in forma pauperis statute, and [courts] must follow this clear statutory direction." *Id.*

The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106

(1976). "However, a liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[T]he mere possibility of misconduct" or "an unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678–79. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 92 F.3d 1260, 1264 (9th Cir. 1999). There are three elements to establish standing, (1) the plaintiff must have suffered "an injury in fact"; (2) there is "a causal connection between the injury and the conduct complained of"; and (3) "injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

**C. Discussion**

Standing to sue is a jurisdictional requirement, and a party invoking federal jurisdiction has the burden of establishing it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Warth v. Seldin*, 422 U.S. 490, 498 (1975) (standing is a "threshold question in every federal case"). Jurisdictional defects, including standing, must be raised by courts sua sponte. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). To show that a party has standing, he must establish that: (1) he suffered an "injury in fact;" (2) there is causal connection between the injury and the allegedly wrongful

conduct; and (3) the injury would likely be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61.

Plaintiff's Complaint centers on injury that Plaintiff did not suffer from but rather was suffered by another individual, Edward Fair. However, a plaintiff generally does not have standing to sue for an injury suffered by another person. *Cf. Warth*, 422 U.S. at 501 ("[T]he plaintiff still must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other litigants."). Upon reviewing the Complaint, Plaintiff does not allege that he himself has suffered any injury, has any relationship with Edward Fair, or was involved in the facts alleged in the Complaint. Plaintiff does not proffer any legal theories for third party standing. Plaintiff appears to be representing Edward Fair in this lawsuit for "financial remuneration" despite the fact that he is not alleged to be an attorney. Plaintiff states this fact in this Motion to Proceed In Forma Pauperis. (*See* ECF No. 2 at 2 ("I am hustling legal services at a medium price just to pay the rent.").) Plaintiff fails to meet his burden to show that he has standing to sue for the Complaint's allegations. Accordingly, the Court dismisses the Complaint without prejudice pursuant to § 1915(e).

Plaintiff is cautioned that the unauthorized practice of law is unlawful. *See In re Reynoso*, 477 F.3d 1117, 1125 (9th Cir. 2007) (stating that preparing legal documents is the practice of law); *Alexander v. Robertson*, 882 F.2d 421, 425 (9th Cir. 1989) ("The State of California also makes it a misdemeanor for one to engage in the unauthorized practice of law."); Cal. Bus. & Prof. Code § 6126(a) ("Any person advertising or holding himself or herself out as practicing or entitled to practice law or otherwise practicing law who is not an active licensee of the State Bar, or otherwise authorized pursuant to statute or court rule to practice law in this state at the time of doing so, is guilty of a misdemeanor…").

### IV. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff filed a Motion to Proceed In Forma Pauperis. (ECF No. 2.) Plaintiff provides his own financial information. However, Plaintiff does not have standing to sue based on the allegations in the Complaint regarding injury suffered to another person. Accordingly, Plaintiff's Motion to Proceed In Forma Pauperis is denied without prejudice.

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Proceed In Forma Pauperis (ECF No. 2) is denied without prejudice.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice. No later than **sixty (60) days** from the date of this Order, Plaintiff may file a first amended complaint curing the defects in his original Complaint. An amended complaint must be accompanied by payment of the filing fee or a renewed motion to proceed in forma pauperis. If no amended complaint is filed or Plaintiff fails to pay the filing fee or file a renewed motion to proceed in forma pauperis, the Court will direct the Clerk of Court to close this case.

Dated: October 30, 2023

Hon. William Q. Hayes
United States District Court